UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Yocheved Weinberger, individually and on behalf of all others similarly situated;<br><br>        Plaintiff,<br><br> -v.-<br><br>Optio Solutions, LLC dba Qualia Collection Services,<br><br>        Defendant. | Civil Action No: 3:23-cv-383<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Yocheved Weinberger (hereinafter, "Plaintiff"), a New Jersey resident, brings this Class Action Complaint by and through his attorneys, Stein Saks, PLLC, against Defendant Optio Solutions, LLC dba Qualia Collection Services (hereinafter "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts' does not require 'misrepresentation or other abusive debt collection practices.'" 15 U.S.C. §§1692(b) & (c).

1

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." Id. §1692(e). After determining that the existing consumer protection laws ·were inadequate. Id §l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. §1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692 et. seq. and 28 U.S.C. § 2201. If applicable, the Court also has pendant jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New Jersey consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory.

## PARTIES

7. Plaintiff is a resident of the State of New Jersey, County of Ocean.

8. Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA and is registered to accept service of process at its principal place of business, 1444 North McDowell Boulevard, Petaluma, California 94954.

9. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10. Defendant is a "debt collector" as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## CLASS ALLEGATIONS

11. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

12. The class consists of:

   a. all individuals with addresses in the State of New Jersey;

   b. to whom Defendant sent a collection letter attempting to collect a debt;

   c. providing an amount owed;

   d. based on a particular date range between a date certain and "today";

   e. without dating the collection letter; and

   f. which letter was sent on or after a date one (1) year prior to the filing of this action and or before a date twenty-one (21) days after the filing of this action.

13. The sub-class consists of:

   a. all individuals with addresses in the State of New Jersey;

   b. to whom Defendant sent a collection letter attempting to collect a consumer debt;

   c. that contained a different calculation of interest and fees than previous collection letters, with no explanation for the change in the amounts stated;

   d. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

14. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

15. Excluded from the Plaintiff Classes are the Defendant and all officer, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

16. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, **in the form attached as Exhibit A** violate 15 U.S.C. §§ 1692d, l692e, 1692f, and/or 1692g *et seq*.

17. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Classes defined in this Amended Class Action Complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

18. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    a. **Numerosity:** The Plaintiffs are informed and believe, and on that basis allege, that the Plaintiff Classes defined above are so numerous that joinder of all members would be impractical.

b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Classes and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, **in the form attached as Exhibit A** violate 15 U.S.C. §§ 1692d, l692e, 1692f, and/or 1692g *et seq.*

c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Classes have claims arising out of the Defendant's common uniform course of conduct complained of herein.

d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has have also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

19. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

20. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

21. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

22. Some time prior to June 30, 2020, an obligation was allegedly incurred to Kohl's Inc. owned by Capital One N.A. ( "Capital One").

23. The Capital One obligation arose out of transactions in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

24. The alleged Capital One obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

25. Capital One is a "creditor" as defined by 15 U.S.C. §1692a(4).

26. Upon information and belief, Capital One contracted the Defendant to collect the alleged debt.

27. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

<em>Violation I – Undated Collection Letter</em>

28. On a date better known to Defendant, Defendant sent Plaintiff a collection letter regarding the debt alleged to be owed to Capital One. *See* Letter attached as Exhibit A.

29. The Letter is not dated.

30. Despite the fact that the Letter lacks a date, the Letter states, in relevant part:

| | |
|---|---|
| As of June 30, 2020 you owed: | $1,057.26 |
| Between June 20, 2020 and today: | |
| You were charged this amount in interest: | + $0.00 |
| You were charged this amount in fees: | + $0.00 |
| You paid or were credited this amount toward the debt: | - $0.00 |
| **Total amount of the debt now:** | **$1,057.26** |

31. There is no way to determine from the Letter which date "today" and "now" refer to, as the Letter is not dated.

32. The Plaintiff was thereby misled as to the status of the subject debt, for it was not associated with a particular date.

33. It is common practice to date official letters.

34. Letters that lack a date make them seem illegitimate.

35. The fact that Defendant did not date the letter and yet attempted to define the subject debt based on a nebulous date was suspicious, misleading, and out of character for a legitimate debt collection.

36. Therefore, Defendant's omissions cast a negative shadow over its debt collection practice in general.

37. Defendant's failure to date the Letter further caused Plaintiff to be unable to determine whether the time frames provided for responding to the Letter met the statutory requirements.

38. By withholding the date of the letter, Defendant withheld a material term from Plaintiff which made it confusing for him to understand the nature of the subject debt.

*Violation II – June 20, 2022 Collection Letter*

39. On or about June 20, 2022, Defendant sent the Plaintiff an additional collection letter regarding collection of the same Capital One debt. A copy of the "June Letter" is attached hereto as Exhibit B.

40. The June Letter provides a separate itemization of the Capital One debt.

41. Specifically, the June Letter states:

| | |
|---|---|
| Principal: | $672.14 |
| Fees: | $255.00 |
| Interest: | $130.12 |
| Balance Due: | $1,057.26 |
| Settlement Amount: | $528.63 |

42. Defendant's itemization contained within the June Letter varies significantly from the itemization provided in the undated Letter.

43. Specifically, the undated Letter implies that the debt is static as there have been no interest, fees, or credits applied to the account.

44. Conversely, the June Letter states that both interest and fees have been applied to the debt, insinuating that the amount will continue to increase, just prior to issuing a settlement offer to resolve the allegedly outstanding debt.

45. No explanation was given for the difference in amount of fees and interest between the two letters sent to Plaintiff regarding this debt.

46. A collection letter must clearly display the balance owed, including providing an accurate itemization as required by Regulation F, and the unexplained discrepancy of itemization

listed on this letter makes it impossible for a consumer to know how much is owed and whether the debt is static or dynamic.

47. By insinuating that the debt is dynamic just prior to extending a settlement offer, Defendant is misleading Plaintiff in an attempt to influence his decision making, particularly as related to whether or not to accept the settlement offer in order to avoid additional potential charges being added.

48. As such, Defendant was required to include an explanation to clarify the discrepancy of the listed interest and fees to the consumer.

49. The Defendant failed to include any explanation for the change in the listed interest and fees in its June Letter.

50. The fact that Defendant sent separate collection letters regarding the same debt, but provided separate itemizations for the same makes it appear that there is an inaccuracy within the letters, or that the same are otherwise misleading.

51. Plaintiff's reliance on the contents of the Letters, and the resulting inaction/non-payment, created harm to Plaintiff in the form of the lost opportunity to resolve the debt for less than the total amount allegedly due and owing.

52. Providing clear and conspicuous information to consumers is not only necessary to ensure consumers understand a debt collector's debt collection efforts, as well as for the consumer to be able to respond to the same intelligibly, but is also required by law and regulation under Regulation F.

53. When they go astray, debt collectors often introduce a tacit element of confusion into their dunning letter to leave the consumer somewhat uninformed.

54. This strategy helps debt collectors to achieve leverage over consumers by keeping key pieces of information away from them.

55. When a consumer is faced with something less than the total story behind owning a debt, they often give up and choose to pay an unwarranted debt to avoid further trouble.

56. In the instant matter, the failure to date the letter withheld a piece of information preventing Plaintiff from truly understanding the amount being sought.

57. Furthermore, Defendant's varying itemization of the alleged debt only further called the accuracy of the letters into question and created additional barriers to Plaintiff being able to handle and respond to Defendant's debt collection efforts.

58. Specifically, per the itemization on the undated Letter, the balance was static as there were neither interest nor fees being added.

59. Conversely, the June Letter lists hundreds of dollars related to the same, creating the impression that the debt was actually dynamic, just prior to Defendant extending a settlement offer to Plaintiff.

60. If the debt is static, stating, or implying, that the amount of interest will increase is false and/or deceptive.

61. Conversely, if the debt is dynamic, stating or implying that the amount of interest or fees will not increase is equally false and/or deceptive.

62. The information regarding the accumulation of interest and fees is material as when a consumer is faced with two debts of equal or similar amounts, one of which is dynamic and continuing to increase, and one of which is static and will never vary, the consumer would pay the dynamic debt first to avoid additional charges.

63. Plaintiff was therefore unable to evaluate how much is truly being alleged as the correct balance, including how the same was calculated and may change in the future, and thus was misled and made incapable of properly evaluating the demand for payment or how to address it.

64. Knowing the state of affairs and swift tricks that debt collectors attempt against consumers, Congress passed laws to protect consumers.

65. One important element of consumer protection revolves around keeping the consumer informed.

66. When a consumer has as much information as the debt collector, they are most capable of handling repayment in full or part, disputing the debt, or otherwise communicating with the debt collector on a more equal playing field with the debt collector.

67. However, when a debt collector withholds key information about a debt from the consumer, they encourage rash decision-making and consumers are left without any power to face the debt collector in a meaningful way.

68. These violations by Defendant were unconscionable, knowing, willful, negligent, and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

69. As dating a letter is so basic in the business world, the fact that Defendant left the Letter dateless arouses suspicion as to their underlying motivations for doing so.

70. The non-dated letter coupled with the references to "today" and "now" make it appear that the entire letter is just an attempt to improperly extort money from Plaintiff and coerce Plaintiff to pay.

71. Plaintiff was therefore unable to make payment on the debt.

72. The funds Plaintiff would have used to pay some or all of this alleged debt were therefore spent elsewhere.

73. Plaintiff was therefore left with less funds with which to pay off this debt once the facts were sorted out, if it turned out that she did indeed owe the alleged debt.

74. Because of Defendant's improper conduct, Plaintiff expended time, money, and effort in determining the proper course of action.

75. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

76. As it relates to this case, Congress identified a concrete and particularized harm with a close common-law analogue to the traditional tort of fraud, negligent misrepresentation, negligent infliction of emotional distress, and conversion.

77. For the purposes of this action, only a close relationship to common law harm is needed, not an exact duplicate.

78. Defendant's actions caused Plaintiff to expend time, in reliance on the improper content of the letter and lack of consistent sensible information, to ascertain what his options and possible responses could or should be.

79. Defendant's collection efforts with respect to the debt caused Plaintiff to suffer concrete and particularized harm, *inter alia*, because the FDCPA provides Plaintiff with the legally protected right not to be misled or treated unfairly with respect to any action for the collection of any debt.

80. Defendant's deceptive, misleading, and unfair representations and/or omissions with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts because Plaintiff

could not adequately or informatively respond to Defendant's demand for payment of the alleged debt.

81.  Plaintiff was confused and misled to his detriment by the statements and/or omissions in the dunning letters, and relied on the contents of the letter to his detriment.

82.  Plaintiff would have pursued a different course of action were it not for Defendant's violations.

83.  When a debt collector fails to effectively inform the consumer of their rights and legal status of their debts, in violation of statutory law, the debt collector has harmed the consumer.

84.  As a result of Defendant's deceptive, misleading, unfair, unconscionable, and false debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692d *et seq.*

85.  Plaintiff repeats the allegations contained in the above paragraphs as if set forth herein.

86.  Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692d.

87.  Pursuant to 15 U.S.C. § 1692d, a debt collector may not engage in any conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

88.  Defendant violated § 1692d:

   a) by omitting a date from their dunning letter and defining Plaintiff's debt based on the omitted date;

    b) by providing varying representations regarding the interest and fees being applied to the debt without informing Plaintiff as to the basis for the same.

89. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692d *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e *et seq.*

90. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

91. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

92. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

93. Defendant violated § 1692e:

    c) As the Letter falsely represents the true character and/or legal status of the debt in violation of § 1692e(2)(A); and

    d) By making a false and/or misleading representation/omission in violation of § 1692e(10).

94. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692e *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

**COUNT III**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692f *et seq.***

95. Plaintiff repeats the allegations contained in the above paragraphs as if set forth herein.

96. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

97. Pursuant to 15 U.S.C. § 1692f, a debt collector may not use any unfair or unconscionable means to collect to attempt to collect any debt.

98. Defendant violated § 1692f:

   e) By omitting material terms and information from the dunning letter to disadvantage Plaintiff from making an educated decision regarding the subject debt.

99. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692f *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

**Count IV**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692g *et seq.***

100. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

101. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

102. Pursuant to 15 U.S.C. § 1692g(a):

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

1. The amount of the debt;

2. The name of the creditor to whom the debt is owed;

3. A statement that unless the consumer, within thirty days after the receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt-collector;

4. A statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

5. A statement that, upon the consumer's written request within the thirty-day period the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

103. Defendant violated § 1692g(a) :

   f) As the Letter falsely represents the true amount and identity of the debt in violation of § 1692g(a)(1);

   g) By failing to properly provide the amount of the debt, by pegging it to an unknown date;

   h) By failing to properly provide the amount of the debt, by providing varying itemizations of the debt that separately indicated that the debt was both dynamic and static.

104. Pursuant to 15 U.S.C. § 1692g(b):

If the consumer notifies the debt collector in writing within the thirty day-period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt

collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

105. Defendant violated Section 1692g(b) by engaging in collection activities and communication during the 30-day period that overshadowed and/or was inconsistent with the disclosure of the consumer's right to dispute the debt.

106. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692g *et seq.* of the FDCPA, actual damages, statutory damages, costs, and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

107. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Yocheved Weinberger, individually and on behalf of all others similarly situated, demands judgment from Defendant Optio Solutions, LLC dba Qualia Collection Services, as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Christofer Merritt, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: Hackensack, New Jersey
January 24, 2023

*/s/ Christofer Merritt*
By: Christofer Merritt, Esq.
**Stein Saks, PLLC**
One University Plaza, Suite 620
Hackensack, NJ 07601
Phone: (201) 282-6500
Fax: (201) 282-6501
*Attorneys For Plaintiff*